UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LAWRENCE R. BURFITT, II,<br>Plaintiff, | Case No. 1:18-cv-260 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| C/O M. ERVING, et al.,<br>Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), in Lucasville, Ohio, has filed a pro se civil rights complaint against the following corrections officials at SOCF: "C/O M. Erving," "Lt. M. Esaum," "Lt. R. Buroughton," "C/O Charlie Ruckel," "C/O T. Parish," "UM Brian Sparks," "Major David Warren," "MHA Ms. Salyers," "UM Brian Nolan," "Chief Inspector Roger Wilson," "UMA Cinthia Davis," Warden Ron Erdos, and "Inspector Linnea Mahlman." (Doc. 1-1, at Page ID 47, 52).[1] Plaintiff has also filed a supplemental complaint (Doc. 1-6) and two motions for preliminary injunction (Docs. 1-3 & 1-4). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is before the Court for a s*ua sponte* review of the complaint (Doc. 1-1), as supplemented (Doc. 1-6), to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Also before the Court are plaintiff's motions for preliminary injunction. (Docs. 1-3 & 1-4).

---

[1] In his complaint, plaintiff variously spells defendant Buroughton's name "Buroughton" and "Burroughton" and defendant Nolan's name "Nolan" and "Noland." Herein, these defendants' names are spelled Nolan and Buroughton to reflect the spelling used by the Clerk's Office in the case caption of this lawsuit.

I.      **Screening of Complaint**

A.      **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token,

2

however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Allegations in Complaint

In his complaint, as supplemented, plaintiff alleges that, on September 19, 2017, defendant C/O M. Erving called plaintiff derogatory names as Erving was walking plaintiff to the shower. (Doc. 1-1, at PageID 53). Plaintiff asserts that when he "refused to move" and attempted "to make [Erving] apologize," Erving "sprayed" plaintiff and issued a false conduct report. (*Id.*). According to plaintiff, unnamed officers then "cuff[ed]" plaintiff, using knee

3

strikes, and brought him to medical. (*Id.*). As plaintiff was taken to medical, defendant C/O Ruckel allegedly "twisted [plaintiff's] arms as to break them." (*Id.*).

Plaintiff claims that, when he arrived at medical, defendant Ruckel "hurled" him to the ground and beat him "off camera." (*Id.*). According to plaintiff, defendants Parish, Esaum, Buroughton, Sparks, and Warren also beat him. (*See id.*; *see also* Doc. 1-6, at PageID 90). Plaintiff claims that, as a result of the alleged beating, he required surgery on his jaw and eye socket. (Doc. 1-1, at PageID 53). Plaintiff claims that defendant Nolan and several unnamed nurses observed the beating but failed to intervene. (*Id.*).

Plaintiff further contends that "since [his] placement at SOCF on Nov. 14, 2014; [he] was beat off camera on March 27th and May 7th, 2015."[2] (Doc. 1-6, at PageID 89). Additionally, he contends that, at an unspecified time, defendant Erving was placed on leave for an incident involving another inmate. (*Id.*). Plaintiff attaches to his complaint declarations from three inmates claiming, respectively, to have seen plaintiff's injuries following the alleged September 19, 2017 incident (Doc. 1-6, at PageID 104), to have been at the hospital when plaintiff arrived and to have overheard an unidentified SOCF officer state "[t]hat's what happens when you mouth off to a C.O. at Lucasville" (*id.*, at PageID 105), and to have heard plaintiff being beaten in medical (*id.*, at PageID 106).

Plaintiff claims that defendants Mahlman, Wilson, Davis, Salyers, and various unnamed mental health administrators were aware of plaintiff's complaints but "refuse[d] to allow [him] to address a problem that affects [his] life in prison." (Doc. 1-1, at PageID 53-54). Plaintiff claims that defendant Warden Erdos "continues to allow" SOCF officers to beat inmates "off camera." (*Id.*, at PageID 54).

As relief, plaintiff seeks monetary damages and injunctive relief against the defendants.

---

[2]The alleged March 27 and May 7, 2015 incidents are currently being litigated in this Court in Case No. 15-cv-730.

4

(*See* Doc. 1-1, at PageID 56).

**C.     Analysis**

Liberally construed, plaintiff's complaint, as supplemented (Docs. 1-1 & 1-6), states an Eighth Amendment excessive-force claim against defendants Erving, Ruckel, Parish, Esaum, Buroughton, Sparks, and Warren, and an Eighth Amendment failure-to-protect claim against defendant Nolan. At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that these claims are deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted.

First, plaintiff's claims against any defendant in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dep't. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept.*

of State Police, 491 U.S. 58, 70-71 (1989); Scheuer v. Rhodes, 416 U.S. 232 (1974). See also Colvin v. Caruso, 605 F.3d 282, 289 (6th Cir. 2010) (citing Cady v. Arenac Co., 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, all of the named defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

Next, the complaint should be dismissed as to defendant Warden Erdos. It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). Plaintiff has not alleged sufficient factual content for the Court to infer that the Warden was personally involved or acquiesced in any alleged unconstitutional behavior.

Plaintiff's claim that defendant Erving used derogatory language toward plaintiff also fails to state a claim upon which relief may be granted. Derogatory language, although unprofessional, does not rise to the level of a constitutional violation. *See Ivey v. Wilson*, 832

F.2d 950, 955 (6th Cir. 1987).

Additionally, plaintiff's claim that defendant Erving falsely wrote a conduct report against him is subject to dismissal for failure to state a claim upon which relief may be granted. Erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See, e.g., Reeves v. Mohr*, No. 4:11-cv-2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (holding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"). "A constitutional violation may occur, if as a result of an accusation, the Plaintiff was deprived of a liberty interest without due process." *Id.* at *2 (citing *Sandin v. Conner*, 515 U.S. 472, 485 (1995)). Plaintiff's allegations are insufficient to trigger constitutional concerns because he has failed to allege facts suggesting that he was deprived of a protected liberty interest without due process as a result of the allegedly false conduct report.

Further, plaintiff's claims against defendants Mahlman, Davis, Salyers, and Wilson should be dismissed. Plaintiff's claims against these defendants are based upon allegations that they failed to take corrective action after he filed "complaints." (*See* Doc. 1-1, at PageID 53-54). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has not alleged facts suggesting that these defendants directly participated in any alleged unconstitutional conduct. Moreover, to the extent plaintiff complains that these defendants failed to properly respond to his complaints, plaintiff fails to state a claim for relief because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th

Cir. Aug. 03, 1998) (citations omitted).

## II. Analysis of Motions for Preliminary Injunction

Plaintiff seeks an injunction to accomplish his transfer to Toledo Correctional Institution or "another level 4 Prison," alleging that he is subject to retaliation at SOCF for filing lawsuits. (Doc. 1-3, at PageID 72-75; *see also* Doc. 1-4, at PageID 76-80). In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief" and proof that the circumstances clearly demand it. *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017) (citations omitted); *Leary*, 228 F.3d at 739.

The Court finds that plaintiff has not alleged facts sufficient to warrant a preliminary injunction. Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of his constitutional claims. Furthermore, plaintiff's allegations fail to demonstrate that that he will suffer irreparable harm absent a preliminary injunction.

Moreover, a preliminary injunction is not warranted in this case because the purpose of a preliminary injunction—to preserve the status quo until a trial on the merits can be held—would not be served. *Great Lakes Brewing Co.*, 860 F.3d at 848; *Martin*, 924 F.2d at 102. The present status quo in this case is, according to plaintiff, that he has suffered violations of his constitutional rights. The remedy plaintiff presently seeks, a transfer to another prison, is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.*

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint, as supplemented (Docs. 1-1, 1-6) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), **with the exception of** plaintiff's Eighth Amendment excessive-force claims against defendants Erving, Ruckel, Parish, Esaum, Buroughton, Sparks, and Warren, and plaintiff's Eighth Amendment failure-to-protect claim against defendant Nolan.

2. Plaintiff's motions for preliminary injunction (Docs. 1-3 & 1-4) be **DENIED**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the complaint, as supplemented (Docs. 1-1 & 1-6), summons, the separate Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Erving, Ruckel, Parish, Esaum, Buroughton, Sparks, Warren, and Nolan.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 5/3/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LAWRENCE R. BURFITT, II,<br>Plaintiff,<br><br>vs.<br><br>C/O M. ERVING, et al.,<br>Defendants. | Case No. 1:18-cv-260<br><br>Barrett, J.<br>Litkovitz, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).