UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAWRENCE R. BURFITT, II,
    Plaintiff,

vs.

C/O M. ERVING, et al.,
    Defendants.

Case No. 1:18-cv-260
Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights by defendants. This matter is before the Court on plaintiff's motion for leave to file a supplemental complaint (Doc. 10), as well as plaintiff's motion to compel (Doc. 20) and defendants' response in opposition (Doc. 21).

**I. Background**

Plaintiff was granted leave to proceed *in forma pauperis* and initiated this action on May 3, 2018. (Docs. 3, 4). That same day, the undersigned conducted a *sua sponte* review of plaintiff's complaint, as supplemented (Docs. 1-1, 1-6), under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The undersigned concluded that plaintiff could proceed with his Eighth Amendment excessive force claims against defendants Erving, Ruckel, Parish, Esaum, Buroughton, Sparks, and Warren and his Eighth Amendment failure to protect claim against defendant Nolan in relation to an alleged September 19, 2017 assault at SOCF. (Doc. 8 at 9). The undersigned further recommended that plaintiff's motions for preliminary injunction (Docs. 1-3, 1-4) be denied. (*Id.*). On June 22, 2018, the District Judge adopted the Report and Recommendation. (Doc. 12).

**II. Motion for Leave to File a Supplemental Complaint**

Plaintiff moves to file a supplemental complaint related to an alleged assault occurring on May 28, 2018 by SOCF Lieutenants Haywood and Bauers. (Doc. 10 at 1). Plaintiff submits that he has not yet exhausted his administrative remedies on this claim due to his hospitalization at the Ohio State University Medical Center. (*Id.*). Plaintiff also asks the Court for help in identifying an "unknown" supervising official who was involved in the alleged September 19, 2017 assault that forms the basis of the original complaint. (*Id.*).

The grant or denial of a motion to amend under Fed. R. Civ. P. 15(a) is within the discretion of the trial court, and leave to amend a complaint should be liberally granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). Proposed amendments to a prisoner's complaint must be *sua sponte* reviewed under 28 U.S.C. §§ 1915 and 1915A. In reviewing a pro se prisoner's complaint, courts have generally held that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). *See also Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (citation omitted) (new unrelated claims against new defendants not allowed).

Plaintiff's motion to supplement his complaint should be denied because he seeks to add new causes of action and new defendants. Plaintiff alleges a new cause of action in the proposed supplemental complaint against Lieutenants Haywood and Bauers arising out of an incident that

occurred on May 28, 2018. These claims are not related to the Eighth Amendment claims from the alleged September 19, 2017 assault that form the basis of the original complaint. Therefore, if plaintiff wishes to pursue these claims, he should be required to raise them in a separately filed civil rights complaint. *See George*, 507 F.3d at 607.

To the extent plaintiff requests that the Court aide him in identifying unknown defendants, his request is denied. The Court remains a neutral arbiter at all times and plaintiff is responsible for conducting discovery to gather the evidence necessary to prosecute his case. Accordingly, plaintiff's motion for leave to file a supplemental complaint (Doc. 10) should be denied.

### III. Motion to Compel

On September 5, 2018, plaintiff filed a motion to compel defendants to provide responses to four discovery requests. (Doc. 20 at 1-2). Plaintiff maintains that his discovery requests have been ignored. (*Id.* at 2). On September 19, 2018, defendants provided notice to the Court that plaintiff's first, second, third, and final request for production of documents, as well as 349 bates-stamped documents, were sent to plaintiff by U.S. regular mail on September 10, 2018. (Doc. 21). In light of defendants' notice, plaintiff's motion to compel is denied. To the extent plaintiff seeks additional discovery not already provided, he shall confer with defendants prior to the December 27, 2018 discovery deadline.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for leave to file a supplemental complaint (Doc. 10) be denied.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's motion to compel (Doc. 20) is denied.

Date: 10/30/18

Karen L. Litkovitz
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAWRENCE R. BURFITT, II,
  Plaintiff,

vs.

C/O M. ERVING, et al.,
  Defendants.

Case No. 1:18-cv-260
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).